**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MORRIS-SHEA BRIDGE COMPANY, INC., | § § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:20-cv-00342 |
| CAJUN INDUSTRIES, LLC, ET AL., | § § § § | |
| Defendants. | § | |

# **ORDER**

Morris-Shea Bridge Company, Inc. ("Morris-Shea") filed this lawsuit against four of its former employees who left Morris-Shea to work for one of its competitors, Cajun Industries, LLC ("Cajun"). Morris-Shea alleges that these former employees agreed to work for Cajun in violation of several post-employment restrictive covenants. Morris-Shea filed a motion for a temporary restraining order and preliminary injunction, which was denied by United States District Judge Jeffrey Vincent Brown on February 22, 2021. *See* Dkt. 19. That same day, this case was transferred to me with the consent of the parties.

Pending before me is Morris-Shea's Motion for Reconsideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for Reconsideration"). *See* Dkt. 23. Because Morris-Shea has failed to show that Judge Brown made clear or manifest errors of fact or law, the Motion for Reconsideration is **DENIED**.

Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes a district court to "revise[] at any time" "any order or other decision [that] . . . does not end the action." FED. R. CIV. P. 54(b). An order denying a preliminary injunction is an interlocutory order. *See Douthit v. Dean*, 568 F. App'x

336, 337 (5th Cir. 2014). Although I have broad discretion to reconsider a previous ruling under Rule 54(b), *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017), reconsideration is an "extraordinary remedy that should be used sparingly." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

In deciding whether to reconsider Judge Brown's order denying the temporary injunction, I have painstakingly reviewed the record and the law. Morris-Shea identifies two alleged errors in Judge Brown's order. First, Morris-Shea disputes Judge Brown's finding that Morris-Shea's former employees were blue collar workers. Second, Morris-Shea argues that Judge Brown improperly applied Alabama law by failing to reform the restrictive covenants to protect Morris-Shea's interests.

Judge Brown's finding that the employees at issue here are blue collar workers is consistent with the evidence presented to him at the temporary injunction hearing. The employees are oil rig operators who were not "responsible for recruiting clients, submitting bids, or otherwise securing projects." Although Morris-Shea quibbles with Judge Brown's characterization of these workers, the fact remains that, though the relevant employees may be "highly skilled working m[e]n, [they are] nevertheless still only . . . working m[e]n." *Chavers v. Copy Prods. Co. of Mobile*, 519 So. 2d 942, 945 (Ala. 1988) (footnote omitted).

As for the reformation issue, Alabama law does not require courts to reform restrictive covenants to make them enforceable. *See* ALA. CODE § 8-1-193 ("[A] court *may* void the restraint in part and reform it to preserve the protectable interest or interests." (emphasis added)). Judge Brown did not misapply the law, and he did not abuse his discretion in refusing to modify the restrictive covenants.

In sum, Judge Brown made no errors of law or fact sufficient to warrant reconsidering Morris-Shea's Motion for a Temporary Restraining Order and Preliminary Injunction. Morris-Shea's Motion for Reconsideration is denied.

SIGNED this 17th day of May 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE